UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

**RALPH M. MOHR**
5622 Broadway Street
Lancaster, New York 14086
                              Plaintiff

       against                                          Civil Action
                                                        File No.:

**ERIE COUNTY LEGISLATURE**, Barbara
Miller-Williams, Chairperson; Robert M.                 **COMPLAINT**
Graber, Clerk of the Legislature

**CHRISTOPHER C. COLLINS**, as County
Executive of the County of Erie

       and

**COUNTY OF ERIE**
                              Defendants

---

Plaintiff, Ralph M. Mohr, as and for his complaint against the defendants, alleges and states to the court as follows:

## Jurisdiction and Venue

1. The Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Sections 1331, 1343 and 2201.

2. Venue of this action is properly in this district, pursuant to 28 U.S.C. Section 1391(b), on the grounds that defendants are residents of this district and the claims herein alleged arose in this district.

## Introduction

3. This is a civil rights action brought pursuant to the United States Constitution, as amended, and 42 U.S.C. Section 1983; it seeks redress for defendants' deprivation under color of state law of plaintiff's rights, privileges and immunities secured by the Constitution and laws of the United States.

4. Because the population varies from 51,172 to 69,894 among the county's current fifteen legislative districts, the scheme of representation currently maintained in effect by defendants for its legislative body violates the equal protection clause of the Fourteenth Amendment of the Untied States Constitution, in particular the principal of "one person, one vote". Persons who reside within a county legislative district comprised of a population greater than the ideal value, determined by the population of

the county divided by the number of districts prescribed, are deprived of the same vote and representation as that cast by a person residing within a county legislative district comprised of a population less than the ideal value.  Plaintiff, residing within a legislative district whose population is greater than the ideal value, is aggrieved by said under representation.

5.  Further, the failure of defendants to adopt a plan of reapportionment for its legislative body has deprived plaintiff of his right to promote the candidacy of an individual through the petition process and to participate in the selection of his party's nominee at a primary election.  Article 6 of the state election law imposes procedures and deadlines by which candidates obtain ballot access through the petition process and at a primary election.  Any plan of reapportionment hereafter adopted by defendants would become effective beyond the time period prescribed by said statute for a candidate to gain ballot access through the petition process and by election at a party primary.  An order adjusting ballot access is necessary to remedy the denial of plaintiff's right to vote for his party's nominee for county legislator.

**Parties**

6.  Plaintiff, Ralph M. Mohr, is a duly registered voter and an enrolled member of the Republican Party, residing and voting in the county's current 5th Legislative District.  Plaintiff resides at 5622 Broadway Street in the Town of Lancaster, County of Erie and State of New York and expects to vote in the Republican primary election to be conducted on the 13th day of September, 2011.  Plaintiff is aggrieved in that he will be denied the opportunity to place his signature on a designating petition in support of a candidate for the public office of county legislator from his district and vote for a nominee of his party for such public office in the ensuing Republican primary election.  Further, the representative value of plaintiff's vote is far less than that of other persons residing in legislative districts throughout the county wherein the population is less than the 5th Legisative District.  The dilution of plaintiff's signature and voting power result in a concomitant dilution in the effectiveness of representation of his interests by the representative elected from the legislative district where he resides.

7.  Defendant, Erie County Legislature, is a representative governmental entity currently comprised of fifteen members elected from districts apportioned across the County of Erie.  The current chairman and presiding officer of said body is Barbara Miller-Williams, and the current clerk thereof is Robert M. Graber.  Said body exists and is duly authorized and acting under color of state law by virtue of the laws of the State of New York and the charter, local laws, rules and resolutions of the county adopted thereunder and is

charged with the obligation and duty of enacting a plan of reapportionment of its legislative districts.

8.  Defendant, Christopher C. Collins, is the county executive of the County of Erie, residing in said county within the State of New York, duly authorized and acting under color of state law by virtue of the laws of the State of New York and the charter, local laws, rules and resolutions of the county adopted thereunder.  Said defendant is charged with the obligation and duty of approving or disapproving local laws submitted to him by the Erie County Legislature, including the plan of reapportionment of the county's legislative districts.

9.  Defendant, County of Erie, is a governmental entity existing and acting under color of state law in its operations and enactment of local laws by virtue of its authority under state statute and its charter, laws, rules and resolutions.

**Facts**

10.  The County of Erie is a representative governmental entity, governed by both a county executive who is elected on a county-wide basis every four years and a current fifteen member legislative body, one member elected for a term of two years from each of the fifteen legislative districts apportioned throughout the county.  The powers, duties and obligations of each branch of said government is defined by state law and the charter, local laws, rules and resolutions adopted thereunder.

11.  As relates to the issue of reapportionment of its county legislative districts, the defendant Erie County Legislature in the first instance is required to adopt by majority vote, following public hearing, a local law defining and describing by metes and bounds the boundaries of the districts to be apportioned across the county.  Upon passage of such local law, the defendant Christopher C. Collins, as the county executive, is required to conduct a public hearing and based upon the comments of such hearing and his own evaluation, approve or disapprove such local law.  If disapproved, the local law is returned to the Erie County Legislature whereupon such disapproval may be overridden by a two-thirds vote of said body.  A local law of reapportionment becomes effective as stated in the local law and upon its filing with the office of the Secretary of State.

12.  At the general election conducted on the 2nd day of November, 2010, voters of the County of Erie overwhelmingly approved a local law amending the Erie County Charter to reduce the composition of the defendant Erie County Legislature from fifteen to eleven members effective January 1, 2012.  Such measure was certified as approved at a public referendum and filed in the office of the Secretary of State.

13.  On the 16th day of June, 2011, defendant Erie County Legislature adopted by a 8 to 7 simple majority vote a plan of reapportionment of its eleven legislative districts.  Notification to the legislative body that said local law had been disapproved by the defendant, Christopher C. Collins, was accomplished on the 28th day of June, 2011.  Based upon public statements made by its members, the defendant Erie County Legislature is not expected to override said veto.

14.  The scheme of representation currently maintained in effect by defendants for its legislative body remains that of fifteen members representing districts apportioned among the county according to boundaries established by a local law adopted in the year 2003.

### As and For A First Cause of Action
### Denial of Equal Representation - One Person, One Vote

15.  The 2010 census establishes the populations of the current fifteen legislative districts to be as follows:

| District | Population | Deviation from Ideal Value | % Deviation from Ideal Value |
|---|---|---|---|
| 1 | 57,745 | - 3,524 | - 5.75 % |
| 2 | 58,583 | - 2,686 | - 4.38 % |
| 3 | 51,172 | - 10,097 | - 16.48 % |
| 4 | 69,894 | + 8,625 | + 14.08 % |
| 5 | 65,260 | + 3,991 | + 6.51 % |
| 6 | 60,153 | - 1,116 | - 1.82 % |
| 7 | 56,705 | - 4,564 | - 7.45 % |
| 8 | 60,911 | - 358 | - 0.58 % |
| 9 | 60,513 | - 756 | - 1.23 % |
| 10 | 62,107 | + 838 | + 1.37 % |
| 11 | 60,611 | - 658 | - 1.07 % |
| 12 | 65,867 | + 4,598 | + 7.5 % |
| 13 | 61,193 | - 76 | - 0.12 % |
| 14 | 61,652 | + 383 | + 0.63 % |
| 15 | 66,674 | + 5,405 | + 8.82 % |

Note:  Population figures computed to value of census blocks allocated within legislative districts.  Ideal value based upon 2010 federal census is 61,269.

16.  Plaintiff resides in the county legislative district currently maintained by the defendants and identified as District #5.  The population of said district is greater than the population as contained within eleven other legislative districts and deviates from the ideal value by 6.51% and from the lowest populated district by 22.99% .

17.  The scheme of representation currently maintained in effect by the defendants for the county legislative body under represents the plaintiff and serves to deprive plaintiff of the same vote and

representation as that enjoyed by persons of less populated legislative districts.  Due to the population variation among districts as detailed above, such scheme violates the equal Protection Clause of the Fourteenth Amendment of the Untied States Constitution, in particular the principal of "one person, one vote".

**As and For A Second Cause of Action**
**For an Order Adjusting Ballot Access**

18.  Article 6 of the state election law imposes procedures and deadlines by which candidates obtain ballot access for the public office of county legislator through the petition process and at a primary election. In abbreviated fashion, state statute requires prospective candidates to obtain a requisite minimum number of signatures upon a designating petition to qualify as a candidate for nomination at that party's primary election to be conducted on September 13, 2011.  The deadline set by statute for the filing of said party designating petitions for the current year is July 14, 2011.  Section 6-116 of the election law of the State of New York further provides that a party nomination of a candidate for election to fill a vacancy in an elective office required to be filled at the next general election occurring after seven days before the last day for circulating designating petitions shall be made by a party certificate of nomination.

19.  It is respectfully submitted that the defendants have failed to adopt, and now are unable to adopt, a valid scheme of reapportionment so as to comply with the time requirements as established by the state election law for the circulation and filing of party designating petitions for the public office of member of the County Legislature.  Such action by defendants under color of state law has deprived plaintiff, as an enrolled member of his party of his right to promote the candidacy of an individual through the petition process and to participate in the selection of his party's nominee at a primary election.  That the defendants are without authority to alter such time deadlines and constraints.

20.  Such action by the defendants acting under color of state law has further limited and deprived plaintiff of the number of candidates from which he may select a representative, as persons otherwise desiring to become candidates may be denied ballot access through the nomination process employed by the political parties.

21.  An order adjusting ballot access is necessary to remedy the denial of plaintiff's right to vote for his party's nominee for the public office of county legislator.

WHEREFORE plaintiff demands judgment of the defendants as follows: (i) declaring the scheme of representation currently maintained in effect by the defendants for the county legislative body to be in

violation of the Fourteenth Amendment of the Untied States Constitution; (ii) appointing a Special Master to prepare and recommend to the court a report, including a proposed redistricting plan for the County of Erie, dividing the county into eleven legislative districts in accordance with the 2010 federal census and applicable law; (iii) entering an order adjusting ballot access to provide for primary process; and (iv) granting such other, further and different relief as the Court may deem just and proper.

Dated:  Buffalo, New York
        June 30, 2011

 

_____
Ralph M. Mohr, *pro se*
Office and P.O. Address
5622 Broadway Street
Lancaster, New York 14086
Tel. No.: (716) 681-3305