UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RALPH M. MOHR

                        Plaintiff,

v.

ERIE COUNTY LEGISLATURE,                    **Civil No.: 11-CV-559S**
Barbara Miller-Williams, Chairperson;
Robert M. Graber, Clerk of the Legislature,
CHRISTOPHER C. COLLINS, as County Executive
Of the County of Erie and
COUNTY OF ERIE,
                      Defendants.

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS CLAIMS AGAINST THE**
**LEGISLATURE AND THE COUNTY EXECUTIVE**

 

**JEREMY A. COLBY, Erie County Attorney**
Attorney for Defendants
95 Franklin Street, Room 1634
Buffalo, New York 14202

## PRELIMINARY STATEMENT

Plaintiff Ralph Mohr asserts claims for (1) Equal Protection (denial of equal representation, "one person, one vote"); and (2) an Order adjusting ballot access because the failure to create new legislative districts means that the deadlines for the political calendar will have to be changed to ensure popular ballot access. Defendants Erie County Legislature, County Executive Chris Collins, and County of Erie (collectively "the County Defendants") are named as Defendants. The Legislature and the County Executive file this motion to dismiss this action as against them under Rule 12(c). The Legislature and the County Executive must be dismissed from this action as defendants because the official capacity claims against them are redundant of the claims against the County, which is the real party in interest. This motion (and the anticipated companion motion in Chapman) should be addressed at this Court's earliest convenience in light of the time-sensitive nature of these matters and the crucial public interests at stake.

## Motion To Dismiss Standard

This Court has noted that, when considering a motion to dismiss under Rule 12(c), it applies the same standard applied under Rule 12(b)(6).[1] Under the Supreme Court's decision in Bell Atlantic Corp. v. Twombly and its progeny, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face' . . . [but that] [l]abels, conclusions, or a 'formulaic recitation of the elements of a cause of action will not do.'"[2] Accordingly, this Court applies a two-pronged approach. "First, statements that are not entitled to the presumption of truth – such as conclusory allegations, labels, and legal conclusions – are identified and stripped away."[3] "Second, well-pleaded nonconclusory factual allegations are presumed true and examined to determine whether they 'plausibly give rise to an entitlement to relief [and] [w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct,' the complaint fails to state a claim."[4] For purposes of this motion only, Defendants will assume *arguendo* the truth of the non-conclusory factual allegations in the Complaint.

---

[1] GSC Technologies Corp. v. Umbra, LLC, 2011 WL 1376733, at *2 (W.D.N.Y. 2011).

[2] Id. at *3 (quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

[3] Id. at *3 (citing Iqbal, 129 S.Ct. at 1950).

[4] Id. (emphasis added).

## ARGUMENT

### POINT I

#### All of the "Official Capacity" Claims Against The Legislature and the County Executive Must Be Dismissed As Redundant

Plaintiff asserts official capacity claims against the Legislature and the County Executive. These claims, however, must be dismissed as redundant of the claim against the County.

A. **The Legislature**

The Erie County Legislature is an improper defendant who must be dismissed from this action because it lacks capacity to be sued. For example, in Baines v. Masiello, Judge Curtin was confronted with similar issues in a Voting Rights Act lawsuit arising from the City of Buffalo's downsizing of its Common Council and reapportionment of districts.[5] As is the case here, the legislative downsizing in Baines was approved by popular referendum under New York Municipal Home Rule Law.[6] Judge Curtin granted the City's motion to dismiss the Common Council because, "[i]n New York, a suit against a municipal legislative body is considered the functional equivalent of the suit against the municipality itself, since a plaintiff who prevails must look to the government entity as the real party in interest."[7] Judge Curtin noted that "courts routinely dismiss official capacity claims against a legislative body as redundant or duplicative of claims against the municipality itself."[8] As a result, Judge Curtin held that the Buffalo

---

[5] 288 F. Supp. 2d 376, 380 (W.D.N.Y. 2003).

[6] Id. at 382; cf. id. at 380 (discussing previous restructuring).

[7] Id. at 384.

[8] Id. at 384; see also Ware v. City of Lackawanna, 2009 WL 3464057, at *3 (W.D.N.Y. 2009) (Arcara, J.) (citing Baines for the same proposition); Schwasnick v. Fields, 2010 WL 2679935, at *4 (E.D.N.Y.

4

"Common Council is the legislative arm of the City without the capacity to be sued for the official legislative actions taken by its members" and he granted the City's Rule 12(b)(6) motion to dismiss.[9] Likewise, this action must be dismissed as against the Erie County Legislature because this action is the functional equivalent of a suit against the County and Plaintiff "can plead no set of facts to support a claim against the"[10] Erie County Legislature.

B.     **The County Executive**

In Baines, Judge Curtin dismissed the official capacity claims against Mayor Masiello as well because "a suit against a municipal officer in his or her official capacity is functionally equivalent to a suit against the entity of which the officer is an agent."[11] Other courts have also dismissed official capacity claims against a county executive as redundant of a claim against the county itself. For example, in LaCorte v. Hudacs, Judge McAvoy dismissed § 1983 claims against the Rensselaer County Executive and the Chairperson of the Legislature because it "would be redundant to allow this suit to proceed against Rensselaer County and the individuals in their official capacities."[12]

---

2010) (dismissing Town Board as redundant of claims against the Town "is sufficient to encompass a lawsuit against any of its departments" including its legislative body).

[9] 288 F. Supp. 2d at 385.

[10] Id.

[11] 288 F. Supp. 2d at 384-85 (citing Brandon v. Holt, 469 U.S. 464, 471-72 (1985) and Kentucky v. Graham, 473 U.S. 159, 166 (1985)); see also Galloway v. Town of Greece, 732 F. Supp. 2d 195, 214 (W.D.N.Y. 2010) ("[C]laims against individual defendants in their official capacities are really claims against the municipality and, thus, are redundant when the municipality is also named as a defendant.") (citation omitted).

[12] 1996 WL 590735, at *5 (N.D.N.Y. 1996) aff'd 162 F.3d 1148 (2d Cir. 1998); see also Orange v. County of Suffolk, 830 F. Supp. 701, 707 (E.D.N.Y. 1993) (dismissing suit against county executive and legislators).

5

## CONCLUSION

Defendants' Motion to Dismiss under Rule 12(c) should be granted and this action dismissed for the reasons set forth above. This Court should also grant any additional relief that it deems appropriate.

Dated: July 13, 2011

                        **JEREMY A. COLBY, Erie County Attorney**
                        Attorney for Defendants

                        By: /s/ Jeremy A. Colby
                            Jeremy A. Colby
                            95 Franklin Street, Room 1634
                            Buffalo, New York  14202
                            (716) 858-2200

TO:    **RALPH M. MOHR, ESQ.**
          5622 Broadway Street
          Lancaster, New York  14086

cc:    **CANTOR, LUKASIK, DOLCE & PANEPINTO, PC**
          (Marc C. Panepinto, Sean Cooney, Jerome D. Schad
           and Jeffrey Marion, of Counsel)
          1600 Main Place Tower
          350 Main Street
          Buffalo, New York  14202
          (716) 852-1888

          **PERSONIUS MELBER LLC**
          (Brian M. Melber, of Counsel)
          2100 Main Place Tower
          350 Main Street
          Buffalo, New York  14202
          (716) 855-1050

          **RONALD P. BENNETT, ESQ.**
          Erie County Legislature
          Old County Hall
          92 Franklin Street, 4th Floor
          Buffalo, New York  14202

cc: **SHAWN P. MARTIN, ESQ.**
Erie County Legislature
Old County Hall
92 Franklin Street, 4th Floor
Buffalo, New York  14202

**DENNIS E. WARD, ESQ.**
134 West Eagle Street
Buffalo, New York  14202
(716) 858-8891

CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2011, I electronically filed the foregoing with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

None

And, I hereby certify that I caused the foregoing to be mailed, by the United States Postal Service, first class mail, to the following non-CM/ECF participants:

Ralph M. Mohr
5622 Broadway Street
Lancaster, New York  14086

/s/ Jeremy A. Colby
Jeremy A. Colby
Erie County Attorney
95 Franklin Street, Room 1634
Buffalo, New York  14202
(716) 858-2200