UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

**RALPH M. MOHR**
5622 Broadway Street
Lancaster, New York 14086
                        Plaintiff

    against

**ERIE COUNTY LEGISLATURE**, Barbara
Miller-Williams, Chairperson; Robert M.
Graber, Clerk of the Legislature

**CHRISTOPHER C. COLLINS**, as County
Executive of the County of Erie

    and

**COUNTY OF ERIE**
                        Defendants

Civil Action
File No.: 11-CV-559-S

**PROPOSALS FOR BALLOT ACCESS
WITH AUTHORITIES**

      Plaintiff, Ralph M. Mohr, in response to the invitation of the Court to present proposals with authorities for means by which candidates for the public office of county legislator may obtain access to the primary and general election ballot, respectfully submits as follows:

### Statutes Governing Ballot Access

      Nominations and designations of candidates for election to public office are governed by Article 6 of the election law of the state of New York. [Election Law §6-100]. Pursuant thereto, party nominations of candidates for the public office of county legislator are required to be made at the primary election, this year, to be conducted on September 13, 2011. [Election Law §6-110; §8-100(1)(a)]. The ballot for such primary election is required to be certified by the county board of elections not later than the thirty-fifth day before such election. [Election Law §4-114].[1]

---

[1] Unless a waiver is obtained therefor, in the case in which a request is received at least 45 days before an election for federal office, 42 USC 1973ff-1(a)(8)(A) requires each state to transmit an absentee ballot to an absent military or oversees voter not later than 45 days before the election. The ensuing September 13, 2011 primary election, however, involves no federal offices. Thus, while the state has extended the full local ballot to military voters for all elections, the state legislature has, to date, adopted the 45 day absentee ballot transmittal requirement only in the case of special and presidential primary elections. [*See* Chapter 4 of the Laws of 2011; Chapter 147 of the Laws of 2011]. It should also be noted that the United States Department of Justice has not sought application of the provisions of 42 USC 1973ff-1(a)(8)(A) against the state in elections for non-federal offices.

Article 6 of the election law of the state of New York provides that designations of candidates for party nomination at a primary election are to be made by designating petition. [Election Law §6-118].  For the public office of county legislator, the number of signatures required to qualify such a candidacy is the lesser of five percent, as determined by the preceding enrollment, of the then enrolled voters of the party residing within the political unit in which the office is to be voted for (excluding voters in inactive status) or five hundred signatures. [Election Law §6-136(2); *see also specifically subparagraph §6-132(2)(l)*]. Designating petitions are required to be filed no earlier than the tenth Monday before, and not later than the ninth Thursday preceding the primary election, being July 11-14, 2011, a period which has since expired. [Election Law §6-158(1)].

A petition designating a non-judicial candidate for party nomination at a primary election is valid only if the person so designated is an enrolled member of the party referred to in said petition, unless the party authorizes by separate certificate such designation. [Election Law §6-120(1,3)].  The last day for a party to authorize designations, being July 18, 2011, and for a candidate to accept or decline such designation, being also July 18, 2011, has similarly expired. [Election Law §6-120(3), §6-158(2)].

**Petition Process**

As previously stated, the cornerstone of the state's ballot access scheme is the basic signature requirement.  Over the years, statutory amendments to the form of the petition, as well as federal court rulings expanding the number of persons qualified to circulate such petitions, have served to reduce the factors which previously operated in tandem to produce unconstitutional barriers to a candidate's efforts at ballot access. [*see generally* Rockefeller v. Powers, 917 F Supp 155 (EDNY 1996) affd 78 F3d 44 (2d Cir 1996); Molinari v. Powers, 82 F Supp 2d 57 (EDNY 2000); Lerman v. Board of Elections in the City of New York, 232 F3rd 135 (2d Cir 2000)].  By requiring prospective candidates to exhibit a minimum quantum of community support, it is respectfully submitted that the petition process serves the legitimate state interest of avoiding "laundry list" ballots which confuse voters and permits ballot access to individuals who may otherwise be limited in financial resources.

State statute provides that any petition filed with the officer or board charged with the duty of receiving it is deemed presumptively valid if it is in proper form and appears to bear the requisite number of signatures authenticated in a manner prescribed by statute. [Election Law §6-154].  Nevertheless, the

election law also provides for a process by which objections may be leveled against petitions filed with the board of elections and a judicial review of the commissioners' determination may be had. [Election Law §6-154(2); §16-102(1)]. A final determination of an individual's candidacy resulting from a petition could thus be potentially delayed for three additional days from receipt of the designating petition, due to the filing of a general objection, an additional six days thereafter, allowing for the filing of specifications to such objection, and an additional period as required by the board of elections to conduct its review of the petition and determine the validity of the objection. If judicial review is sought of the board's determination, further delay may be occasioned as a proper party may institute such judicial proceeding within fourteen days following the last day to file said petition or, in the event of a determination of invalidity, within three business days after the officer or board with whom or which such petition was filed renders its determination of invalidity with respect to such petition, whichever is later. [Election Law §16-102(2)].

The following historical record details post-filing action occurring upon county legislative petitions filed with the Erie County Board of Elections during the past decade:

| Year | Party | Number of Legislative Petitions Against Which Specifications were Filed | Number of Court Challenges |
|---|---|---|---|
| 2001 | Democratic | 4 | no record available |
| 2003 | Democratic | 2 | 1 |
| 2005 | Democratic | 9 | 1 |
|  | Independence | 2 |  |
| 2007 | Democratic | 4 | 2 |
|  | Republican | 1 |  |
|  | Independence | 1 |  |
|  | Conservative | 1 |  |
| 2009 | Democratic | 3 | 1 |
|  | Independence (authorizations) | 7 | 1 |

While an abbreviated signature gathering period together with a reduction in the number of signatures required to qualify a candidacy for the public office of county legislator would be the primary components of a ballot access scheme to be considered by the Court, plaintiff respectfully further urges the Court to consider modification of the objection procedure coupled with the retention of jurisdiction for the purpose of judicially reviewing determinations made with respect to county legislative petitions.

**Multiple Ballot Access Schemes**

To reduce the burden upon candidates and increase the opportunities for primary ballot access, multiple means of ballot access additional to the petition process may be employed by the Court. The scheme of multiple means of ballot access is a method which has been employed by this state for access to presidential primaries and it was again adopted into law as recently as July 18, 2011. [*see* Chapter 228 of the Laws of 2007; Chapter 147 of the Laws of 2011].

Alternative additional methods of ballot access could include a "recognized candidate" standard whereby the board of elections is directed to place on the primary ballot an enrolled member of such party who has publically announced in the media his or her candidacy, confirmed the same in writing to the board of elections, and has taken steps in furtherance of such candidacy by complying with the financial filing requirements of Article 16 of the election law and the ethics disclosure requirements of the county. [*see also* Larouche v. Kezer, 990 F2d 36 (2d Cir 1993)].

Another alternative method, particularly practical in instances where party nominations are sought by candidates who are not enrolled members of such party, could be the filing of a party nomination as provided in §6-116 of the election law relating to the filling of vacancies. As the body issuing the party nomination is in most instances the same body designated by party rule or resolution to issue authorizations pursuant to §6-120(3) of the election law to candidates not enrolled in such political party, the party nomination alternative would ensure the rights of party committees to select candidates in harmony with their political ideology and provide a means of ballot access consistent with the time constraints contemplated by the state legislature in the filling of vacancies occurring late in the qualifying process.

Another method of ballot access previously employed, is an application by the candidate directed to the court. [*see* Molinari v. Powers, 82 F Supp 2d 57 (EDNY 2000)].

Plaintiff respectfully submits that the Court adopt a scheme of multiple ballot access with includes all the alternatives heretofore suggested.

Finally, in the event redistricting of county legislative districts were to extend, either by means of settlement, Special Master or the Court, beyond a time which makes candidate inclusion upon a primary election ballot practical, the court is urged to consider a scheme of party nominations made by caucus, convened by the county chairman, and conducted in the same manner as provided pursuant to the provisions

of §6-108 of the election law.  Utilized within Erie County by some villages for the selection of party nominees for village office, by prescribed towns across the state for the selection of party nominees for town offices, and familiarized to the public by media coverage of the Iowa caucuses in presidential elections, the conduct of a party caucus as an alternative to a primary election is a recognized method by which all the enrolled voters of a political party within a political subdivision may, by a vote of a majority of those in attendance, participate in the selection of the nominee of a political party, rather than having the same decided in the smoke filled back room by a party boss. [*see* Election Law §6-108; §6-202; §15-108].

Dated:  Buffalo, New York
        July 21, 2011

                                              Respectfully submitted,

                                              _____
                                              Ralph M. Mohr, *Plaintiff pro se*
                                              Office and P.O. Address
                                              5622 Broadway Street
                                              Lancaster, New York 14086
                                              Tel. No.: (716) 681-3305

**TO:**     Jeremy A. Colby, Erie County Attorney
            Anthony G. Marecki, Assistant County Attorney, Of Counsel
            *Attorney for Defendants*
            95 Franklin Street, Room 1634
            Buffalo, New York 14202
            Tel. No.: (716) 858-2200

            Dennis E. Ward, *Prospective Intervener pro se*
            Office and P.O. Address
            134 West Eagle
            Buffalo, New York 14202
            Tel. No.: (716) 836-2350
            E-Mail Address:  dennis.ward@erie.gov

**Courtesy Copy of the foregoing provided
this 21st day of July, 2011 to:**

Cantor, Lukasik, Dolce & Panepinto, PC
Marc C. Panepinto, Esq. & Sean Cooney, Esq., Of Counsel
1600 Main Place Tower
350 Main Street
Buffalo, New York 14202
Tel. No.: (716) 852-1888

Jerome D. Schad, Esq.
199 Meadowview Lane
Williamsville, New York 14221
Tel. No.: (716) 634-8906

Jeffrey Marion, Esq.
17 Beresford Court
Williamsville, New York 14221
Tel. No.: (716) 565-2000

Ronald P. Bennett, Esq.
2 North Main Street
Holland, New York 14080
Tel. No.: (716) 537-2272

Brian M. Melber, Esq.
Personius Melber LLP
350 Main Street
Buffalo, New York 14202
Tel. No.: (716) 855-1050
E-Mail Address:  bmm@personiusmelber.com