UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RALPH M. MOHR

                      Plaintiff,          _____ Case Number: 11 CV -559-S

v.

ERIE COUNTY LEGISLATURE, Barbara Miller-Williams, Chairperson; Robert M. Graber, Clerk of the Legislature

     and

CHRISTOPHER C. COLLINS, as County Executive of the County of Erie

     and

COUNTY OF ERIE

                      Defendant.
_____

DENNIS F. CHAPMAN

                      Plaintiff,          _____ Case Number: 11 CV - 560-S

v.

COUNTY OF ERIE

                      Defendant.
_____

## Plaintiff's Memorandum on Ballot Access

In compliance with the Court's July 21, 2011 request for particularized statements of what each party seeks on the issue of ballot access, Plaintiff make the following submission:

New York State Election Law § 6-116 contemplates a constitutionally sound process for ballot access in New York State where, as here [once Legislative District lines have been drawn], there is a vacancy in an office "occurring after seven days before the last day for circulating designating petitions" [§ 6-116].

Section 6-116 states the following:

> § 6-116. Party nominations; election to fill a vacancy
>
> A party nomination of a candidate for election to fill a vacancy in an elective office required to be filled at the next general election, occurring after seven days before the last day for circulating designating petitions or after the holding of the meeting or convention to nominate or designate candidates for such, shall be made, after the day of the primary election, by a majority vote of a quorum of the state committee if the vacancy occurs in an office to be filled by all voters of the state, and otherwise by a majority vote of a quorum of the members of a county committee or committees last elected in the political subdivision in which such vacancy is to be filled, or by a majority of such other committee as the rules of the party may provide. A certificate of nomination shall be filed as provided for herein.

NY Election Law § 6-116

In *Shapiro v. Berger,* 329 F. Supp. 2d 496 (USDC SDNY 2004), the United States District Court upheld Section 6-116 because prospective candidates do not have a constitutionally-secured right to force the holding of a primary (329 F. Supp. 2d at 502)

The Court in *Shapiro v. Berger* found that the purpose of Section 6-116 was to "encourage the democratic selection of officeholders in general elections" (329 F. Supp. 2d at 503) and that "It does this by permitting vacancies to be filled at the next general election, even when they are created so close to the general election that holding a primary for the vacancy would be impractical." (329 F. Supp. 2d at 503).

It is clear that attempting to hold a September 13, 2011 primary election for as-yet identified Legislative Districts with absentee ballots possibly being sent out 45 days before that date [*i.e.,* by July 31, 2011] "would be impractical"

The first [abbreviated signature gathering and objection period] alternative suggested by Plaintiff Mohr is also impractical in light of the time frame reasonably necessary to accomplish such a process. Further, since New York State has already contemplated situations where a vacancy occurs in the time frame we are dealing with, the State statute [Election Law § 6-116] should carry great weight as a fair process to follow.

The second ['recognized candidate"] and fourth [application directly to the Court] alternatives suggested by Plaintiff Mohr deal with Presidential elections and cannot be practically implemented with any reasonable confidence that they could be as fair or fairer than the process already contemplated by the New York Legislature in Election Law § 6-116. Plaintiffs particularly note that the "recognized candidate" approach would almost certainly favor incumbents with no likely balance of access available to any other person.

Plaintiff Mohr's third alternative is Election Law § 6-116 and it is the remedy which Plaintiff requests that the Court adopt.

Finally, adoption Election Law § 6-116 process for identifying candidates for the November general election will permit the Court time to consider the remedy as to the eleven legislative districts within which candidates will run for office. This will ensure that the Court and parties will have ample opportunity to address and contemplate the various complicated issues associated with drawing the final map of eleven districts which will be in place for at least the next decade.

Plaintiff respectfully submits that the issue of ballot access should be resolved by the Court permitting the implementation of Election Law § 6-116 immediately after the September 13, 2011 primary election.

Dated: Buffalo, New York
      July 26, 2011

                                   _____
                                   By: Sean E. Cooney, Esq
                                   CANTOR, LUKASIK, DOLCE & PANEPINTO, PC
                                   Marc C. Panepinto, Esq. & Sean E. Cooney, Esq. Of Counsel
                                   *Co-Counsel for the Plaintiff*
                                   (Office for service of all papers on Plaintiff's counsel)
                                   1600 Main Place Tower – 350 Main Street
                                   Buffalo, NY 14202
                                   (716) 852-1888

                                   JEROME D. SCHAD, ESQ.
                                   *Co-Counsel for Plaintiff*
                                   199 Meadowview Lane
                                   Williamsville, NY 14221
                                   (716) 634-8906

                                   JEFFREY MARION, ESQ.
                                   *Co-Counsel for the Plaintiff*
                                   17 Beresford Court
                                   Williamsville, NY 14221
                                   (716) 565-2000


To:       Jeremy A. Colby, Esq., Erie County Attorney
           Anthony G. Marecki, Assistant County Attorney, Of Counsel
           *Attorneys for Defendants*
           95 Franklin Street, Room 1634
           Buffalo, New York 14202
           (716) 858-2200

           Dennis E. Ward, Prospective *Intervener pro se*
           134 West Eagle
           Buffalo, New York 14202
           (716) 836-2350

           Ronald P. Bennett, Esq.
           2 North Main Street
           Holland, New York 14080
           (716) 537-2272

Brian M. Melber, Esq.
Personius Melber, LLP
350 Main Street
Buffalo, New York 14202
(716) 855-1050