UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
RALPH M. MOHR,
                              Plaintiff,

v.

ERIE COUNTY LEGISLATURE,
CHRISTOPHER C. COLLINS,
COUNTY OF ERIE,
and DENNIS E. WARD

                              Defendants.
_____
DENNIS F. CHAPMAN,
                              Plaintiff,

v.

COUNTY OF ERIE,
                              Defendant.
_____

**MEMORANDUM REGARDING ELECTORAL PROCESS ON BEHALF OF DEFENDANT ERIE COUNTY LEGISLATURE**

Civ. No. 11-CV-559

At a preliminary conference on July 21, 2011 the Court directed the parties to file and serve their respective submissions regarding procedures to be established by the Court for the qualification of candidates for Erie County Legislature for the 2011 general election. It is anticipated that the above-captioned actions will result in the establishment of eleven (11) new legislative districts for the County of Erie. However, because those new legislative districts were not established prior to the last date for the filing of petitions for party primary election, it will be necessary to establish procedures for the qualification of candidates for the parties, and for independent candidates, to run for election in the eleven (11) newly established legislative districts.

Defendant Erie County Legislature takes no position with regard to what particular process should be followed to qualify party candidates and/or independent candidates for the newly established eleven (11) seat Erie County Legislature. The individual Erie County Legislators who

are the present members of the Erie County Legislature are potential and/or likely candidates for legislator in the eleven (11) new legislative districts. Therefore, rather than advocate for any particular process, defendant Erie County Legislature respectfully asks the Court to consider the following factors in making a determination of this issue.

### 1. Established Statutory Regime

Counsel for the other parties have submitted memoranda to the Court which identify the relevant statutes enacted by the New York Stare Legislature to provide for the circumstances presented here, as well as decisional case law interpreting and implying provisions of that statutory plan. It is respectfully submitted that statutory regime adequately addresses the facts and circumstances present here. Defendant Erie County Legislature will rely upon the judgment of the Court in interpreting and applying the established authorities.

### 2. Practical Time Constraints of Electoral Calendar

Any electoral process to be followed must give potential candidates a reasonable and practical period of time within which to act in order to seek ballot access. Whatever procedure is adopted must fairly take into account the practical realities of time and the electoral calendar. Again, other parties have sufficiently informed the Court of the particulars with respect to the calendar.

### 3. Fairness and Order

The procedures adopted must be fair and democratic, offering a level playing field to potential candidates while also maintaining an orderly process for the voters of Erie County. It

should be recognized that the establishment of new legislative districts will mean that voters, and candidates, will in some cases be faced with unfamiliar district boundaries and affiliations. Voters may find that, although they have not moved their residence, they are now part of an entirely new district with different characteristics and different choices to be made. Candidates will be faced with the same uncertainty. Therefore, the procedures adopted for ballot access should not unnecessarily introduce unwarranted confusion. Some of the more creative and unfamiliar proposals which might be considered may, despite good intentions, give rise to unintended consequences if excessive uncertainty or confusion result, thus undermining the opportunity of candidates and voters to participate meaningfully in the process.

4. Early Notice

Finally, it is respectfully submitted that a process should be determined and announced as soon as possible in order to give candidates and voters the maximum amount of time that is reasonably possible to understand and act on that process. It seems reasonable to anticipate that candidates will have a somewhat abbreviated period of time within which to act to seek ballot access, whatever process is determined by the Court. All potential candidates, therefore, as well as voters, will be aided by a swift determination of this issue and immediate announcement of the process candidates will be required to follow.

## CONCLUSION

Defendant Erie County Legislature takes no position, but instead will rely upon the Court identify and direct the appropriate electoral process here.

Dated: Buffalo, NY
      July 28, 2011.

/s/ **Brian M. Melber**
Brian M. Melber, Esq.
PERSONIUS MELBER LLP
*Attorneys for Defendant*
  ERIE COUNTY LEGISLATURE
2100 Main Place Tower
Buffalo, NY 14202
(716) 855-1050
bmm@personiusmelber.com

TO:  Ralph Mohr
    *Plaintiff, Pro Se*
    5622 Broadway Street
    Lancaster, NY 14086

    Jeffrey E. Marion
    Law Offices of Jeffrey E. Marion, Esq.
    *Attorneys for Plaintiff*
      DENNIS CHAPMAN
    17 Beresford Court
    Williamsville, NY 14221
    (716) 565-2000
    jeff@jeffmarionlaw.com

    Marc C. Panepinto, Esq.
    Cantor Lukasik Dolce & Panepinto PC
    *Attorneys for Plaintiff*
      DENNIS CHAPMAN
    1600 Main Place Tower
    Buffalo, NY 14202
    (716) 852-1888
    mpanepinto@cldplaw.com

Jerome D. Schad, Esq.
*Attorney for Plaintiff*
  DENNIS CHAPMAN
199 Meadowview Lane
Williamsville, NY 14221
jerome.schad91@gmail.com

Dennis E. Ward
*Defendant, Pro Se*
134 West Eagle
Buffalo, NY 14202

Jeremy A. Colby, Esq.
Anthony Girolamo Marecki
Erie County Attorney
*Attorneys for Defendants*
  CHRISTOPHER C. COLLINS and
  COUNTY OF ERIE
95 Franklin Street, Room 1634
Buffalo, NY 14202
anthony.marecki@erie.gov
jeremy.colby@erie.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of July, 2011, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

Jeremy A. Colby, Esq.
Anthony Girolamo Marecki
Erie County Attorney
*Attorneys for Defendants*
 CHRISTOPHER C. COLLINS and
 COUNTY OF ERIE
95 Franklin Street, Room 1634
Buffalo, NY 14202
anthony.marecki@erie.gov
jeremy.colby@erie.gov

Jerome D. Schad, Esq.
*Attorney for Plaintiff*
 DENNIS CHAPMAN
199 Meadowview Lane
Williamsville, NY 14221
jerome.schad91@gmail.com

Jeffrey E. Marion
Law Offices of Jeffrey E. Marion, Esq.
*Attorneys for Plaintiff*
 DENNIS CHAPMAN
17 Beresford Court
Williamsville, NY 14221
(716) 565-2000
jeff@jeffmarionlaw.com

Marc C. Panepinto, Esq.
Cantor Lukasik Dolce & Panepinto PC
*Attorneys for Plaintiff*
 DENNIS CHAPMAN
1600 Main Place Tower
Buffalo, NY 14202
(716) 852-1888
mpanepinto@cldplaw.com

And, I hereby certify that on the 28th day of July, 2011, I forwarded the foregoing document via hand delivery to the following:

Ralph Mohr
*Plaintiff, Pro Se*
134 West Eagle
Buffalo, NY 14202

Dennis E. Ward
*Defendant, Pro Se*
134 West Eagle
Buffalo, NY 14202

       **/s/ Brian M. Melber**
       Brian M. Melber, Esq.
       PERSONIUS MELBER LLP
       *Attorneys for Defendant*
        ERIE COUNTY LEGISLATURE

2100 Main Place Tower
Buffalo, NY  14202
(716)  855-1050
bmm@personiusmelber.com